## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| BENJAMIN LEE, and DEVON BUCK ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:15-cv-01498-TWP-DML |
| ) | |
| NEW CASTLE COMMUNITY SCHOOL ) | |
| CORPORATION, ) | |
| DARRELL HUGHES, GREG WOOD, and ) | |
| AMY BLAKE, in their individual capacities, ) | |
| ) | |
| Defendants. ) | |

## ENTRY ON MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on the Defendants' Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56, with respect to claims filed by Plaintiff Benjamin Lee ("Lee"). (Filing No. 41.) Lee alleges that he suffered harassment, discrimination, and abuse from his guidance counselor, Darrell Hughes ("Hughes"). (Filing No. 1.) In particular, Lee alleges that the Defendants Hughes, New Castle Community School Corporation ("the School Corporation"), Greg Wood ("Wood"), and Amy Blake ("Blake") (collectively, "the Defendants") violated the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983 ("Section 1983"), and 20 U.S.C. § 1681 ("Title IX") by perpetrating the abuse and/or allowing it to occur and continue. (Filing No. 1.) On March 3, 2016, the Court granted the parties' Unopposed Joint Motion for Leave to File Motion for Summary Judgment on the Statute of Limitations Issue Only. (Filing No. 35.) Thus, Defendants move for summary judgment on the basis that Lee's claims are barred by the applicable statute of limitations. For the following reasons, the Court **DENIES** the Defendants' Motion for Summary Judgment.

# I. BACKGROUND

The following material facts are not necessarily objectively true; but, as required by Federal Rule of Civil Procedure 56, the facts are presented in the light most favorable to Lee as the non-moving party. *See Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

The School Corporation is a public school corporation located in New Castle, Indiana. ([Filing No. 1 at 3](#).) From 1996 through 2013, the School Corporation operated an alternative school known as North Campus. ([Filing No. 1 at 3](#).) At all relevant times, Wood and Blake served as administrators at North Campus. ([Filing No. 1 at 3-4](#).) The School Corporation hired Hughes as a school counselor in 1998, and he remained employed there through January of 2014. ([Filing No. 1 at 4](#).) During the spring of 2006, when he was 13 years old, Lee attended Shenandoah Middle School, a middle school within the School Corporation. ([Filing No. 1 at 5](#).) Lee faced expulsion from that school, and Hughes encouraged and facilitated Lee's transfer to North Campus. ([Filing No. 1 at 5](#).)

Hughes conducted one-on-one counseling sessions with students in his office, and Lee often attended those sessions. ([Filing No. 1 at 6](#).) During those sessions, Hughes would sometimes give Lee massages which included rubbing Lee's back, shoulders, and calves. ([Filing No. 1 at 6](#); [Filing No. 47-1 at 10](#).) Sometimes Hughes would touch Lee in open class settings. ([Filing No. 1 at 6](#); [Filing No. 47-1 at 14](#).) Hughes would often remove Lee from his classes, including Wood's class, in order to bring Lee to his office. ([Filing No. 1 at 6](#); [Filing No. 47-1 at 5](#).) When Lee was approximately 14 years old, Hughes began inviting Lee to his home in Muncie, Indiana. ([Filing No. 1 at 6](#).) Hughes would offer Lee alcohol and drugs while at his home. ([Filing No. 1 at 6](#); [Filing No. 47-1 at 16-17](#).) Lee began selling drugs to Hughes, and the two would sometimes

engage in drug use together. (Filing No. 1 at 7; Filing No. 47-1 at 13-16.) Hughes also purchased Lee a variety of clothes and shoes. (Filing No. 1 at 6.) Lee made at least ten visits to Hughes' home between the ages of 14 and 17. (Filing No. 47-1 at 16.)

Hughes told Lee that he could help Lee pursue a career in modeling, and under the guise of creating a portfolio, Hughes took pictures of Lee wearing only underwear. (Filing No. 1 at 6; Filing No. 47-1 at 14-15.) When Lee was a junior in high school, Hughes may have attempted to fondle Lee's genitalia during one of Lee's trips to Hughes' home. (Filing No. 1 at 7; Filing No. 47-1 at 18.) During one visit, Lee awoke with his pants unbuckled and his underwear in disarray. (Filing No. 1 at 7; Filing No. 47-1 at 16-17.) Hughes also encouraged Lee to take showers at his home. (Filing No. 1 at 7; Filing No. 47-1 at 17-18.) Hughes would often be sitting at his computer while Lee showered. (Filing No. 1 at 7; Filing No. 47-1 at 18.) Eventually, Lee discovered a digital recording device in Hughes' bathroom. (Filing No. 1 at 10; Filing No. 47-1 at 24.) Lee did not return to Hughes' home after finding the recording device. (Filing No. 47-1 at 19.) Lee turned 18 on January 29, 2011. (Filing No. 56-1 at 2.)

On January 16, 2014, Lee was told by federal and state law enforcement officials that Hughes had used a video recording device to record images of Lee while in the shower. (Filing No. 1 at 14.) Prior to receiving this information, Lee had not considered that Hughes might have retained videos and images of him in the shower. (Filing No. 1 at 14.) Lee filed this Complaint on September 23, 2015.

On August 3, 2016, Defendants moved for summary judgment, asserting that Lee's claims were barred by the applicable statute of limitations.

3

## II. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 489-90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante*, 555 F.3d at 584 (citation omitted). "However, inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2007) (citation and quotation marks omitted). Additionally, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "The opposing party cannot meet this burden with conclusory statements or speculation but only with appropriate citations to relevant admissible evidence." *Sink v. Knox County Hosp.*, 900 F. Supp. 1065, 1072 (S.D. Ind. 1995) (citations omitted).

"In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of [the] claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citations and quotation marks omitted). "[N]either the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and quotation marks omitted).

## III.     DISCUSSION

Defendants assert that the applicable statute of limitations on Lee's claims is two years from the date that Lee's cause of action accrued. ([Filing No. 43 at 8-12](#).) They argue that Lee's claims accrued, at the latest, in June 2011 when Lee graduated from high school, meaning that the statute of limitations expired in June of 2013. ([Filing No. 43 at 14](#).) Because Lee did not file the current complaint until September 2015, the Defendants contend that Lee's claim is time-barred.

Lee responds that his cause of action did not accrue until 2014, when he was informed by law enforcement officials that Hughes had taken and maintained images of Lee in the shower. ([Filing No. 57 at 19-22](#).) Alternatively, he argues that if his claim accrued earlier than 2014, the statute of limitations should be tolled under the doctrines of fraudulent concealment and equitable tolling. ([Filing No. 57 at 16](#).)

In reply, the Defendants reiterate their argument that the claim accrued, at the latest, in June 2011. ([Filing No. 58 at 4](#).) They also argue that the doctrines of fraudulent concealment and equitable tolling are inapplicable here. ([Filing No. 58 at 8-11](#).)

### A.     **Applicable Statute of Limitations**

"Section 1983 claims are subject to the statute of limitations for personal injury actions in the state in which the alleged injury occurred." *Behavioral Inst. of Indiana, LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005) (citing *Wilson v. Garcia,* 471 U.S. 261, 276-80 (1985)). In cases where state law provides for multiple statutes of limitations for different types of personal injury, the general or residual statute is the one applicable to Section 1983 claims. *Owens v. Okure,* 488 U.S. 235, 249-50 (1989). "Indiana's personal injury statute of limitations is two years…so the statute of limitations on [a] § 1983 action is also two years." *Behavioral Inst.*, 406 F.3d at 929 *(*citing Ind. Code Ann. § 34–11–2–4; *Coopwood v. Lake County Community*

*Development Department,* 932 F.2d 677 (7th Cir. 1991)). Likewise, the state law statute of limitations for personal injury claims applies to Title IX claims, so all of Lee's causes of action are subject to the same limitations period—two years from the date the causes of action accrued. *Cetin v. Purdue Univ.*, 94 F.3d 647 (7th Cir. 1996).[1]

**B.** **Accrual of Claim**

"While state law determines the length of the limitations period, federal law determines the date of accrual of the cause of action." *Logan v. Wilkins*, 644 F.3d 577, 581-82 (7th Cir. 2011). For Section 1983 and Title IX purposes, "a claim accrues when the plaintiff knows or should know that his or her constitutional rights have been violated. To determine when the claim accrues, a court must first identify the plaintiff's injury and then determine when the plaintiff could have sued for that injury." *Id.* (internal citations and quotations omitted). The accrual date is the key disputed issue in this case: Lee alleges that his claim did not accrue until he was informed by law enforcement that Hughes had taken and maintained nude images of him. The Defendants allege that the cause accrued, at the latest, in June 2011, when Lee reached the majority age of 18 and graduated from high school.

The accrual date of a cause of action—when the plaintiff knew or should have known that his constitutional rights had been violated—is a question of fact. *See Horn v. A.O. Smith Corp.*, 50 F.3d 1365, 1370 (7th Cir. 1995). Disputed questions of fact are resolved by a factfinder, and are inappropriate for summary judgment. *See id.* Only when the undisputed facts make it apparent that only one conclusion could be drawn, is the question appropriately one for the court. *See*

---

[1] While this argument is undeveloped in Lee's briefing, to the extent that he argues that a seven-year statute of limitations applies, the Court rejects that argument. As the Supreme Court held in *Owens*, the general or residual statute is the one that applies. Here, that statute specifies a two-year statute of limitations.

6

*Cathedral of Joy Baptist Church v. Vill. of Hazel Crest*, 22 F.3d 713, 719 (7th Cir. 1994) (citing *Kedzierski v. Kedzierski,* 899 F.2d 681, 683 (7th Cir.1990)).

Disputes of material fact exist as to when Lee knew or should have known that his constitutional rights were violated, so summary judgment on the statute of limitations issue is not appropriate. First, the Court must "identify the plaintiff's injury". *Logan*, 644 F.3d at 581-82. Lee's complaint is non-specific as to which actions on the parts of the various Defendants constitute his injuries, but as the Court construes the complaint, his possible injuries include: Hughes' touching of Lee, described in the Complaint as "massage"; Hughes' possible attempt to fondle Lee's genitals; Hughes' use of a camera to view Lee while in the shower at Hughes' home; Hughes' capture and maintenance of nude images of Lee; Hughes routine removal of Lee from class; and the School Corporation's and individual Defendants' failure to take action regarding the above events.

As for Hughes' capture and maintenance of nude images of Lee, there is a genuine dispute of material fact regarding when Lee knew or should have known that nude images of himself were being recorded and maintained. At his deposition, Lee was asked about discovering the recording device in Hughes' bathroom. ([Filing No. 47-1 at 24](#).) When asked whether he thought at the time that Hughes was using the camera to film him in the shower, Lee responded that he thought that Hughes had hidden the camera in order to catch Lee or another individual attempting to steal prescription drugs. As Lee testified, "I thought it was stealing at the time. Theft is what I thought. I didn't really—like I said, I didn't really think he would do that to me. It didn't run through my head." ([Filing No. 47-1 at 24](#).) A jury could credit this testimony, particularly since at the time Lee found the camera, he was rummaging through Hughes' bathroom cabinets, looking for pills to steal. ([Filing No. 47-1 at 24](#).) Moreover, Lee took the camera from Hughes' home after he

7

discovered it. (Filing No. 56-1 at 18.) A reasonable jury could conclude that Lee did not know, nor should he have known, that Hughes was capturing and maintaining nude images of him.

As for the other possible injuries, Lee testified that he simply did not view Hughes' behavior as inappropriate. Regarding the massages, Lee testified that some of the touching happened in public view, (Filing No. 47-1 at 14), and that another teacher may have been aware of the private massages, (Filing No. 47-1 at 10-11). Regarding Lee's frequent removal from class, Lee testified that he enjoyed the freedom it allowed him (Filing No. 47-1 at 7-8), and that at least Wood was aware of Lee's frequent absences, and did nothing to stop them (Filing No. 47-1 at 5). Moreover, Lee testified that:

> [l]ike I said, I just got in trouble, I was in eighth grade from middle school, trying to find out who I am, you know. I was getting in trouble, big trouble, at Shenandoah, didn't have any friends, trying to adapt, clouded on drugs on top of that. I thought it was – I mean, I trusted him.

(Filing No. 47-1 at 19.) Lee also testified that he hid many of his interactions with Hughes, and particularly his visits to Hughes' home, "[b]ecause most of the time I had had drug involvement." (Filing No. 47-1 at 16.) The Court reiterates that only when the undisputed facts make it apparent that only one conclusion can be drawn is summary judgment appropriate. A jury could conclude that Lee knew or should have known that the Defendants' behavior resulted in constitutional injury to him. However, Lee was a child when the complained of acts occurred, and a jury could also credit Lee's testimony that he did not view Hughes' behavior as inappropriate, and therefore conclude that Lee would not have known that his constitutional rights had been violated.

Because genuine disputes of material fact exist regarding the accrual of Lee's claims, summary judgment is inappropriate.

## IV. CONCLUSION

For the reasons set forth above, the Defendants' Motion for Summary Judgment on the issue of statute of limitations (Filing No. 41) is **DENIED**.

**SO ORDERED.**

Date: 1/23/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Charles C. Hayes
HAYES RUEMMELE LLC
charleshayes.atty@gmail.com

Jane Ruemmele
HAYES RUEMMELE LLC
janeruemmele@gmail.com

Jonathan Lawrence Bucher, Jr.
jbucher@schultzpoguelaw.com

Alexander Phillip Pinegar
CHURCH CHURCH HITTLE & ANTRIM
apinegar@cchalaw.com

Libby Valos Moss
KIGHTLINGER & GRAY
lmoss@k-glaw.com

Tyler Akers
KIGHTLINGER & GRAY
takers@k-glaw.com

Angela J. Della Rocco
SCHULTZ & POGUE LLP
adellarocco@schultzpoguelaw.com

Thomas R. Schultz
SCHULTZ & POGUE LLP
tschultz@schultzpoguelaw.com